IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| YF FRANCHISE LLC; YOGEN FRÜZ U.S.A. INC.,<br><br>    Petitioners,<br><br>   vs.<br><br>JUN KIL AN,<br><br>    Respondent. | Civ. No. 14-00496 HG-KSC |

**ORDER CONFIRMING ARBITRATION AWARD (ECF No. 4) AND GRANTING PETITIONERS' MOTION FOR ENTRY OF JUDGMENT (ECF No. 7)**
**and**
**DENYING PETITIONERS' REQUEST FOR ATTORNEYS' FEES AND COSTS**

Petitioners YF Franchise LLC and Yogen Früz U.S.A. Inc. move to confirm a Final Arbitration Award issued in their favor against Respondent Jun Kil An for breach of contract. Petitioners request an entry of judgment confirming the award and seek attorneys' fees and costs.

Petitioners' Application to Confirm Arbitration Award (ECF No. 4) and Motion for Entry of Judgment (ECF No. 7) are **GRANTED**.

1

The Arbitrator's Final Award in International Centre for Dispute Resolution Case No. 50 114 T 00920 12, issued on January 15, 2014, is **CONFIRMED**.

Petitioners' request for attorneys' fees and costs is **DENIED**.

## PROCEDURAL HISTORY

On October 31, 2014, Petitioners filed with this Court an Application to Confirm Arbitration Award issued by the American Arbitration Association's International Centre for Dispute Resolution. (ECF No. 1).

On November 5, 2014, Petitioners amended their Application to Confirm Arbitration Award. (ECF No. 4).

On November 7, 2014, Petitioners filed Proof of Service of their Application. (ECF No. 6).

On December 12, 2014, Petitioners filed a MOTION FOR ENTRY OF JUDGMENT. (ECF No. 7).

On December 16, 2014, the Court issued a briefing schedule for Petitioners' Motion for Entry of Judgment. (ECF No. 8). The Court elected to decide the Motion without a hearing, pursuant to Local Rule 7.2(d).

Petitioners were instructed to file the parties' underlying agreements to arbitrate and any additional

documents required pursuant to the Federal Arbitration Act. (Id.)

On December 26, 2014, Petitioners filed their Franchise Agreements with Respondent and the arbitration documents from the International Centre for Dispute Resolution, as instructed by the Court's December 16, 2014 Minute Order. (ECF No. 9).

Respondent was given until January 23, 2015, to file an Opposition to Petitioners' Motion. (ECF No. 8) No Opposition was filed.

## BACKGROUND

Petitioners YF Franchise LLC and Yogen Früz U.S.A. Inc. ("Petitioners") are franchisors of proprietary frozen yogurt, ice cream, and related products. (Application to Confirm Arbitration Award at ¶ 1, ECF No. 4).

On August 30, 2010, Petitioners entered into franchise agreements with Coolland, Inc. and Respondent Jun Kil An ("Respondent An"). (Id. at ¶¶ 1, 8-9; Franchise Agreements, attached as Exs. B and C to Petitioners' Supplemental Declaration filed on 12/26/14, ECF No. 9; Final Award at ¶¶ 3-6, Ex. A, ECF No. 4-2).

Respondent An was the president of Coolland, Inc. and personally guaranteed in writing Coolland, Inc.'s obligations

under the Franchise Agreements. (Final Award at ¶ 8, Ex. A, ECF No. 4-2; Franchise Agreements, Exs. B and C, ECF No. 9).

Respondent An operated a franchise outlet using Petitioners' products in Minnesota. (Application to Confirm Arbitration Award at ¶¶ 1, 12, ECF No. 4; Final Award at ¶¶ 3-5, Ex. A, ECF No. 4-2).

On August 24, 2012, Petitioners sent a notice to Coolland, Inc. and Respondent An that they had breached their franchise agreements by failing to pay royalties, advertising fund contributions, invoices for purchased products, and development costs. (Final Award at ¶ 10, Ex. A, ECF No. 4-2).

On December 13, 2012, Petitioners filed an arbitration demand with the American Arbitration Association's International Centre for Dispute Resolution, pursuant to their franchise agreements. (Id. at ¶ 11).

On November 8, 2013, an arbitration hearing was held in Ontario, Canada, pursuant to the terms of the Parties' franchise agreements. (Final Award at ¶ 15, ECF No. 4-2). Neither Coolland Inc. nor Respondent An participated in the arbitration hearing, despite receiving notice of the proceedings. (Id.)

On January 15, 2014, the Arbitrator issued a Final Award in Petitioners' favor against Coolland, Inc. and Respondent

Jun Kil An. (Id.). The Arbitrator awarded Petitioners $340,246.47[1] in damages assessed jointly and severally against Coolland, Inc. and Respondent An. (Id. at p. 4, ¶ 1). The Arbitrator also ordered Coolland, Inc. and Respondent An to reimburse Petitioners the sum of $22,335.21 in administrative fees and expenses. (Id. at p. 4, ¶ 2).

Petitioners seek to confirm the Arbitrator's rulings and request entry of final judgment pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, et seq. (Application to Confirm Arbitration Award at p. 2, ECF No. 4; Motion for Entry of Judgment at p. 2, ECF No. 7).

## **LEGAL STANDARDS**

The Parties have the ability to choose an applicable legal standard in an arbitration agreement. Fid. Fed. Bank, FSB v. Durga Ma Corp., 386 F.3d 1306, 1312 (9th Cir. 2004). Parties may choose which law governs the contract, the arbitration, and review of an arbitration award. See id. The parties' choice of law, however, is subject to some limitations. Hall St. Associates, L.L.C. v. Mattel, Inc., 552 U.S. 576, 586 (2008). Private parties cannot, for instance,

---

[1] In their Application to Confirm Arbitration Award, Petitioners incorrectly state that the Final Award provided for $578,825.00 in damages. (Application at p. 7, ECF No. 4).

5

create their own standard for confirming or vacating an arbitration award.  Id.

**Choice of Rules to Govern Arbitration**

The Franchise Agreements provide that disputes arising from the agreement shall be settled through arbitration.  The Agreements provide that the American Arbitration Association's Commercial Arbitration Rules govern the arbitration procedure.

The Franchise Agreements provide:

> Any dispute arising out of or relating to this Agreement, or breach, termination or validity thereof shall be settled by final and binding arbitration in accordance with the American Arbitration Association's Commercial Arbitration Rules by a sole arbitrator.  The Arbitrator shall hear the dispute in the Province of Ontario, Canada, and may properly consider any and all matters related thereto that would be admissible in a non-jury trial.

(Franchise Agreement for Yogen Früz U.S.A. Inc. at p. 39, ¶ B, attached as Ex. B, ECF No. 9-1; Franchise Agreement for YF Franchise LLC at p. 43, ¶ B, attached as Ex. C, ECF No. 9-2).

The Final Arbitration Award was conducted by a sole arbitrator in Ontario, Canada, pursuant to the Commercial Arbitration Rules of the American Arbitration Association, as

required by the terms of the Franchise Agreement.  (Final Arbitration Award at p. 1, ECF No. 4-2).

**Standard Governing Judicial Review of an Arbitration Award**

The Franchise Agreements do not provide particular procedural rules for confirmation of an arbitration award.

The Franchise Agreements provide: "Judgment upon the award of the Arbitrator shall be binding and may be entered in a court of competent jurisdiction."  (Franchise Agreement for Yogen Früz U.S.A. Inc. at p. 39, ¶ B, attached as Ex. B, ECF No. 9-1; Franchise Agreement for YF Franchise LLC at p. 43, ¶ B, attached as Ex. C, ECF No. 9-2).

Parties to a contract may elect which procedural rules shall govern an arbitration, as well as the confirmation process of an arbitration award.  Fid. Fed. Bank, FSB., 386 F.3d at 1312.

The Federal Arbitration Act provides the default standard for judicial review of an arbitration award, when a contract does not evince a clear intent to incorporate some other standard.  Johnson v. Gruma Corp., 614 F.3d 1062, 1066 (9th Cir. 2010); Metzler Contracting Co. LLC v. Stephens, 774 F. Supp. 2d 1073, 1077 (D. Haw. 2011) *aff'd*, 479 Fed. Appx. 783 (9th Cir. 2012).

The contract must specifically state what rules or law shall be utilized to conduct the judicial review of an arbitration award in order to overcome the presumption that the Federal Arbitration Act applies. Donnelly v. Jewel of Kahana, LLC, 2013 WL 1337134, *6-7, Civ. Nos. 12-00347HG-KSC, 12-00419HG-KSC, (D. Haw. Mar. 28, 2013).

The Franchise Agreements do not evince a clear intent to overcome the presumption favoring the Federal Arbitration Act standard for judicial review of an arbitration decision.

Petitioners do not contest that the Federal Arbitration Act applies. Petitioners specifically request that the Court confirm the award pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, et seq. (Application to Confirm Arbitration Award at p. 2, ECF No. 4; Motion for Entry of Judgment at p. 2, ECF No. 7).

The Federal Arbitration Act governs Petitioners' Application to Confirm the Final Arbitration Award (ECF No. 4) and their Motion for Entry of Judgment (ECF No. 7).

**The Federal Arbitration Act's Standard for Confirming an Arbitration Award**

The Federal Arbitration Act promotes a national policy favoring arbitration. Hall St. Assocs., L.L.C., 552 U.S. at 582. Arbitration is favored for its ability to respond to the

8

parties' wishes. <u>Kyocera Corp. v. Prudential-Bache Trade Services, Inc.</u>, 341 F.3d 987, 998 (9th Cir. 2003). Arbitration offers greater flexibly and speed than litigating, and is considered to be more cost-effective. <u>Id.</u>

Judicial review of an arbitration award, pursuant to the Federal Arbitration Act, is strictly limited, in order to prevent unnecessary public intrusion into private arbitration procedures. <u>Id.</u> The limitations on judicial review are designed to preserve due process, without undermining the benefits of arbitration, by rendering it "merely a prelude to a more cumbersome and time-consuming judicial review process." <u>Hall</u>, 552 U.S. at 587 (quoting <u>Kyocera Corp.</u>, 341 F.3d at 998).

Pursuant to the Federal Arbitration Act, the Court must confirm an arbitration award unless it is vacated, corrected, or modified. <u>See</u> 9 U.S.C. § 9.

If an award is not vacated, pursuant to § 10 of the Federal Arbitration Act, or modified, pursuant to § 11 (allowing modification for miscalculations or imperfection of form, which are not at issue here), confirmation is required, even if the award contains erroneous findings of fact or misinterpretations of law. <u>See</u> <u>Lagstein v. Certain</u>

Underwriters at Lloyd's, London, 607 F.3d 634, 640 (9th Cir. 2010).

**ANALYSIS**

**I. Final Arbitration Award is Confirmed**

Petitioners seek to confirm the Arbitrator's Final Award in International Centre for Dispute Resolution Case No. 50 114 T 00920 12, issued on January 15, 2014. (Application to Confirm Arbitration Award, ECF No. 4). In the Final Award, the Arbitrator ruled:

1. Within (30) thirty days from the date of transmittal of this Final Award to the Parties, Respondents, Coolland, Inc. and Jung Kil An, jointly and severally, shall pay to Claimants, YF Franchise LLC and Yogen Früz U.S.A. Inc., the sum of US $340,246.47. The particulars of this amount are set forth in paragraph 19 above.

2. The administrative fees and expenses of the International Centre for Dispute Resolution (ICDR) totaling $4,050.00 and the compensation and expenses of the sole arbitrator totaling $18,285.21 shall be borne entirely, jointly and severally by Respondents, Coolland, Inc. and Jung Kil An. Therefore, the Respondents, Coolland, Inc. and Jung Kil An, jointly and severally, shall reimburse Claimants, YF Franchise LLC and Yogen Früz U.S.A. Inc., the sum of $22,335.21, representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by Claimants YF Franchise LLC and Yogen Früz U.S.A. Inc.

(Final Award at p. 4, ¶¶ 1-2, ECF No. 4-2).

Petitioners seek an Entry of Judgment in accordance with the Federal Arbitration Act, incorporating and confirming the rulings of the Arbitrator. (ECF No. 7).

An arbitration award must be confirmed if it has not been modified, corrected, or vacated. See 9 U.S.C. § 9; Donnelly, 2013 WL 1337134, *18.

Respondent has not filed any Opposition to Petitioners' Application to Confirm the Arbitration Award or their Motion for Entry of Judgment.

The Arbitrator's Final Award having not been modified, corrected, or vacated, is **CONFIRMED.**

Petitioners' Motion for Entry of Judgment is **GRANTED**.

**II. Petitioners Are Not Entitled to Attorneys' Fees**

Petitioners additionally request that the Court award "their costs and expenses, including attorneys' fees, incurred in this action in connection with the Award's confirmation." (Motion For Entry of Judgment at p. 3, ECF No. 7).

Here, the Federal Arbitration Act governs the judicial review of the Final Award. Attorneys' fees are not available when a party seeks confirmation of an arbitration award in the federal courts pursuant to the Federal Arbitration Act. Menke v. Monchecourt, 17 F.3d 1007, 1009 (7th Cir. 1994).

In Metzler v. Stephens, the Ninth Circuit Court of Appeals affirmed the district court's denial of attorneys' fees. 479 Fed. Appx. 783, 785 (9th Cir. 2012). The appellate court held that the district court properly determined that the Federal Arbitration Act, which governed the evaluation of the party's motion to confirm the arbitration award, did not provide for attorneys' fees. Id. (affirming Metzler v. Stephens, Civ. No. 10-00516ACK-BMK, 774 F.Supp.2d 1073, 1089 (D. Haw. Feb. 28, 2011)).

Petitioners' request for attorneys' fees and costs is **DENIED**.

## CONCLUSION

Petitioners YF Franchise LLC and Yogen Früz U.S.A. Inc.'s Application to Confirm Arbitration Award (ECF No. 4) and Motion for Entry of Judgment (ECF No. 7) are **GRANTED**.

The Arbitrator's Final Award in International Centre for Dispute Resolution Case No. 50 114 T 00920 12, issued on January 15, 2014, is **CONFIRMED**, as it states:

1. Within (30) thirty days from the date of transmittal of this Final Award to the Parties, Respondents, Coolland, Inc. and Jung Kil An, jointly and severally, shall pay to Claimants, YF Franchise LLC and Yogen Früz U.S.A. Inc., the sum of US $340,246.47. The particulars of this amount are set forth in paragraph 19 above.

2. The administrative fees and expenses of the International Centre for Dispute Resolution (ICDR) totaling $4,050.00 and the compensation and expenses of the sole arbitrator totaling $18,285.21 shall be borne entirely, jointly and severally by Respondents, Coolland, Inc. and Jung Kil An. Therefore, the Respondents, Coolland, Inc. and Jung Kil An, jointly and severally, shall reimburse Claimants, YF Franchise LLC and Yogen Früz U.S.A. Inc., the sum of $22,335.21, representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by Claimants YF Franchise LLC and Yogen Früz U.S.A. Inc.

Petitioners' request for attorneys' fees and costs is **DENIED**.

The Clerk of the Court is directed to enter a Final Judgment, incorporating and confirming the Arbitrator's Final Award, and to close the case.

IT IS SO ORDERED.

DATED: February 27, 2015, Honolulu, Hawaii.



/s/ Helen Gillmor

Helen Gillmor
United States District Judge

YF Franchise LLC and Yogen Früz U.S.A. Inc. v. Jun Kil An; Civ. No. 14-00496HG-KSC; **ORDER CONFIRMING ARBITRATION AWARD (ECF No. 4) AND GRANTING PETITIONERS' MOTION FOR ENTRY OF JUDGMENT (ECF No. 7) and DENYING PETITIONERS' REQUEST FOR ATTORNEYS' FEES**